# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN H. SMITH, JR.,

    **Plaintiff,**

  v.                                                                                                                    Case No. 07-C-0356

JODINE DEPPISCH, MELVIN PULVER,
TOM GOZINSKE, JAMES SCHWOCHERT,
JOHN RAY, RICK RAEMISCH,
MATTHEW FRANK, UNKNOWN and
WISCONSIN DEPARTMENT OF CORRECTIONS,

    **Defendants.**

## ORDER

      Plaintiff, John H. Smith, Jr., filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

      Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance

in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $12.59. Thus, the plaintiff's petition to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

As a preliminary matter, the complaint names the Wisconsin Department of Corrections (DOC) as a defendant. However, the DOC is not listed as a defendant on the docket. Additionally, the plaintiff has named Matthew Franks, the Secretary of the DOC, as a defendant. However, the

correct spelling of the defendant's last name is "Frank." Therefore, the docket will be amended accordingly.

The plaintiff is currently incarcerated at Fox Lake Correctional Institution (FLCI). (Compl. at 1). Defendant Jodine Deppisch is the Warden of FLCI. Id. Defendant James Schwochert is the Deputy Warden of FLCI. Id. Defendant Melvin Pulver is Captain of the FLCI segregation unit. Id. Defendant Tom Gozinske is the FLCI Inmate Complaint Examiner (ICE). Id.

As noted, defendant Matthew Frank is the DOC Secretary. Id. Defendant Rick Raemisch is employed by the DOC Office of the Secretary. Id. Defendant John Ray is a DOC Corrections Complaint Examiner (CCE). Id.

The plaintiff alleges that while he was in segregation, he was forced to sleep on a cold, hard floor for over one month. (Compl. at 2). As a result, the plaintiff, who has been diagnosed with diabetes, suffered severe back pain and hemorrhoids. Id. The plaintiff attempted to resolve this issue by filing several formal and informal prison complaints, which the court will discuss below. Id.

**First Inmate Complaint**

On April 17, 2006, the plaintiff complained that he had been forced to sleep on a very cold floor that was only cleaned once per week. (Pl.s' Ex. 2). Defendant Gozinske returned the complaint because the plaintiff had not contacted defendant Pulver to attempt to resolve the issue. Id.

Therefore, on April 17 and May 6, 2006, the plaintiff wrote to defendant Pulver concerning the conditions of his confinement. (Compl. at 2). Defendant Pulver did not respond to the plaintiff's correspondence. Id.

On May 8, 2006, the plaintiff re-filed the April 17, 2006, inmate complaint. (Pl.s' Ex. 3). Defendant Gozinske recommended that it be dismissed because the plaintiff failed to indicate that he

4

had attempted to contact defendant Pulver to resolve the issue. Id. Defendant Schwochert accepted defendant Gonzinke's recommendation and dismissed the complaint. (Pl.'s Ex. 4).

On May 22, 2006, the plaintiff appealed defendant Schwochert's decision to defendant Ray. (Pl.'s Ex. 5). That same day, defendant Ray recommended that the complaint be dismissed. (Pl.'s Ex. 6). Defendant Raemisch accepted defendant Ray's recommendation and dismissed the complaint on May 24, 2006. (Pl.'s Ex. 8).

**Second Inmate Complaint**

On May 30, 2006, the plaintiff filed an inmate complaint indicating that he was being forced to sleep on a mattress on a floor and that his attempts to contact defendant Pulver were futile. (Pl.s' Ex. 9). Defendant Gozinske rejected the complaint for failing to raise a significant issue as required by the Wisconsin Administrative Code. (Pl.s' Ex. 9). On June 5, 2006, defendant Schwochert affirmed the rejection defendant Gozinske's decision to reject the complaint. (Compl. at 3).

The plaintiff alleges that the defendants violated his rights under the Eighth and Fourteenth Amendments. Id. For relief, the plaintiff demands declaratory judgment and monetary damages. Id. at 4.

**1.     Fourteenth Amendment Claim**

The plaintiff claims that while he was in segregation he was forced to sleep on a mattress on a cold, dirty floor, causing him to suffer back pain and hemorrhoids. To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself. See Sandin v. Connor, 515 U.S. 472, 483-84 (1995). A prison inmate does not have a protected liberty interest in not being placed in segregation as long as such confinement does not "present the type of atypical, significant

5

deprivation in which a state might conceivably create a liberty interest." Sandin, 515 U.S. at 486; Hoskins v. Lenear, 395 F.3d 372, 395 (7th Cir. 2005); Thomas v. Ramos, 130 F.3d 754, 760-62 (7th Cir. 1998). In the present case, it is unclear whether the plaintiff was subjected to an "atypical and significant hardship... in relation to the ordinary incidents of prison life." Id. at 484. However, the court has been instructed to construe such doubts in the plaintiff's favor. See Jenkins, 395 U.S. at 421, Thus, the plaintiff may proceed with a due process claim.

**2.      Eighth Amendment Claim**

The plaintiff also avers that the conditions of his confinement violated the Eight Amendment's Cruel and Unusual Punishments Clause. In order to establish an Eighth Amendment violation, a plaintiff must show that the imposed conditions denied him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1962). Furthermore, the plaintiff must demonstrate that the defendants were aware that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 522 U.S. 824, 847 1994). Under the Eighth Amendment, life's necessities include adequate shelter and heat, Dixon v. Godinez, 114 F.3d 640 (7th Cir. 1997), as well as reasonably adequate sanitation and bedding. Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980). Accordingly, the plaintiff has stated an Eighth Amendment claim.

**3.      Personal Involvement**

The caption in this case names Jodine Deppisch, Melvin Pulver, Tom Gozinske, James Schwochert, John Ray, Rick Raemisch, Matthew Frank, Unknown and the DOC as defendants. It is well established that section 1983 does not create a claim based on collective or vicarious responsibility. Pacelli v. deVito, 972 F.2d 871, 875 (7th Cir. 1992). Thus, an individual cannot be

6

held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994); Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986).

In the present case, other than identifying who they are, defendants Jodine Deppisch, Matthew Frank and the DOC are not mentioned in the body of the complaint. To meet the personal involvement requirement necessary for § 1983 liability, a plaintiff must assert a specific act of wrongdoing by a particular defendant. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Therefore, as to defendants Deppisch and Frank, the complaint fails to factually state a cause of action under § 1983. With respect to the plaintiff's request for monetary damages, the DOC is immune from suit under the Eleventh Amendment, and it is not a proper defendant. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Brokaw v. Mercer County, 235 F.3d 1000, 1009 (7th Cir. 2000). Therefore, defendants Deppisch, Frank and the DOC will be dismissed from this action.

In sum, the plaintiff has stated claims under the Eighth and Fourteenth Amendments as described herein. However, defendants Deppisch and Frank will be dismissed for lack of personal involvement, and defendant DOC will be dismissed under the Eleventh Amendment.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's petition to proceed in forma pauperis (Doc. # 2) be and hereby is **GRANTED.**

**IT IS ORDERED** that the docket be amended to add the Wisconsin Department of Corrections as a defendant in this action.

**IT IS ORDERED** that the docket be amended to reflect that "Matthew Frank" is the correct spelling of that defendant's name.

**IT IS FURTHER ORDERED** that defendants Jodine Deppisch, Matthew Frank and the Wisconsin Department of Corrections are **DISMISSED** without prejudice**.**

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ORDERED** that the remaining defendants shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $337.41 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 4th day of June, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U.S. District Judge